UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:17-CV-00090-FDW

| | |
|---|---|
| CANDA R. WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Plaintiff Canda R. Walker's Motion for Summary Judgment (Doc. No. 11) filed on October 2, 2017, and Defendant Acting Commissioner of Social Security Nancy A. Berryhill's ("Commissioner") Motion for Summary Judgment (Doc. No. 15) filed on January 2, 2018. Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on her application for Disability Insurance Benefits ("DIB").

Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below, the Court GRANTS in part and DENIES in part Plaintiff's Motion For Summary Judgment; DENIES the Commissioner's Motion For Summary Judgment; and REMANDS the Commissioner's decision.

I. BACKGROUND

Plaintiff filed an application for Title II disability benefits on March 22, 2013, alleging disability. (Tr. 128). After her application was denied initially and upon reconsideration (Tr. 165, 175), Plaintiff requested a hearing (Tr. 184). After the initial hearing on December 4, 2015 and a subsequent hearing on March 24, 2016, the ALJ issued an unfavorable decision. (Tr. 20-34, 200,

236). Plaintiff's request for review by the Appeals Council was denied on April 10, 2017. (Tr. 3).

The ALJ determined Plaintiff was not disabled from the alleged onset date through her date last insured. (Tr. 20, 33). The ALJ found Plaintiff's date last insured to be December 31, 2013. (Tr. 20). The ALJ found that Plaintiff has not engaged in substantial gainful activity since her alleged onset date through her date last insured and that she had the following severe impairments: "lumbar degenerative disc disease; osteoarthritis bilateral knees; obesity and depression." (Tr. 22). The ALJ determined that none of these impairments nor any combination of the impairments meet or medically equal a per se disabled medical listing under 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 23). The ALJ then found that Plaintiff had the Residual Functional Capacity ("RFC") to perform light work as defined in 20 CFR § 404.1567(b):

> [E]xcept the claimant can occasionally perform postural activities except no requirement to climb ladders, ropes or scaffolds or push or pull with lower extremities. The claimant can perform 1-3 step instructions. The claimant can occasionally interact with the general public. The claimant can sit for 20 minutes then stand for 20 minutes.

(Tr. 25). In response to a hypothetical that factored in the above limitations, the vocational expert ("VE") testified that Plaintiff could perform jobs in the national economy. (Tr. 33). Thus, the ALJ concluded that Plaintiff was not disabled, as defined under the Social Security Act. (Tr. 33).

Plaintiff has exhausted all administrative remedies and now appeals pursuant to 42 U.S.C. § 405(g). Plaintiff claims that the ALJ's decision should be reversed because the ALJ failed to provide work related mental functions in the RFC and relied on testimony from the VE that appears to conflict with the RFC.

II. STANDARD OF REVIEW

Section 405(g) of Title 42 of the United States Code provides judicial review of the Social Security Commissioner's denial of social security benefits. When examining a disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence. 42 U.S.C. § 405(g); Westmoreland Coal Co., Inc. v. Cochran, 718 F.3d 319, 322 (4th Cir. 2013); Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012). A reviewing court may not re-weigh conflicting evidence or make credibility determinations because "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 2013).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (alteration and internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015) (internal quotation marks omitted). Courts do not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; "[w]here conflicting evidence allows reasonable minds to differ," courts defer to the ALJ's decision. Johnson, 434 F.3d at 653.

"In order to establish entitlement to benefits, a claimant must provide evidence of a medically determinable impairment that precludes returning to past relevant work and adjustment to other work." Flesher v. Berryhill, 697 F. App'x 212 (4th Cir. 2017) (citing 20 C.F.R. §§ 404.1508, 404.1520(g)). In evaluating a disability claim, the Commissioner uses a five-step

process. 20 C.F.R. § 404.1520. Pursuant to this five-step process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, could perform any other work in the national economy. Id.; see also Lewis v. Berryhill, 858 F.3d 858, 861 (4th Cir. 2017) (citing Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015)); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See Lewis, 858 F.3d at 861; Monroe v. Colvin, 826 F.3d 176, 179–80 (4th Cir. 2016).

"If the claimant fails to demonstrate she has a disability that meets or medically equals a listed impairment at step three, the ALJ must assess the claimant's residual functional capacity ("RFC") before proceeding to step four, which is 'the most [the claimant] can still do despite [her physical and mental] limitations [that affect h[er] ability to work].'" Lewis, 858 F.3d at 861–62 (quoting 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)). In Lewis, the Fourth Circuit explained the considerations applied before moving to step four:

> [The RFC] determination requires the ALJ to "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations." Mascio, 780 F.3d at 636 (internal quotations omitted); see also SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). Once the function-by-function analysis is complete, an ALJ may define the claimant's RFC "in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96-8p, 1996 WL 374184, at *1. See generally 20 C.F.R. §§ 404.1567, 416.967 (defining "sedentary, light, medium, heavy, and very heavy" exertional requirements of work).
>
> When assessing the claimant's RFC, the ALJ must examine "all of [the claimant's] medically determinable impairments of which [the ALJ is] aware," 20 C.F.R. §§ 404.1525(a)(2), 416.925(a)(2), "including those not labeled severe at step two." Mascio, 780 F.3d at 635. In addition, he must "consider all [the claimant's] symptoms, including pain, and the extent to which [her] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence,"

4

> 20 C.F.R. §§ 404.1529(a), 416.929(a). "When the medical signs or laboratory findings show that [the claimant has] a medically determinable impairment(s) that could reasonably be expected to produce [her] symptoms, such as pain, [the ALJ] must then evaluate the intensity and persistence of [the claimant's] symptoms so that [the ALJ] can determine how [her] symptoms limit [her] capacity for work." 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1).

Lewis, 858 F.3d at 862.

Proceeding to step four, the burden remains with the claimant to show he or she is unable to perform past work. Mascio, 780 F.3d at 635. If the claimant meets their burden as to past work, the ALJ proceeds to step five.

> "At step five, the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." [Mascio, 780 F.3d at 635 (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429)]. "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." Id.

Lewis, 858 F.3d at 862. If the Commissioner meets this burden in step five, the claimant is deemed not disabled and the benefits application is denied. Id.

## III. ANALYSIS

### A. Mental Functions

Plaintiff argues that this case should be remanded for the ALJ's failure to account for or explain why it did not account for Plaintiff's mental difficulties in Plaintiff's RFC. (Doc. No. 12 at 5-11). Plaintiff argues that the ALJ erred as to Plaintiff's moderate difficulties with regard to concentration, persistence, or pace by failing to determine or discuss Plaintiff's ability to stay on task. (Doc. No. 12 at 6-11). The Commissioner argues the ALJ did not err on two grounds. Plaintiff's ability to stay on task was not at issue (Doc. No. 16 at 12), and the ALJ provided the necessary rationale and explanation for her determination of Plaintiff's RFC (Doc. No. 16 at 9).

5

When determining a claimant's RFC, an ALJ reviews all the relevant evidence of record, including medically determinable impairments that are not deemed severe, 20 C.F.R. § 404.1545 (a)(1)-(2), and analyzes the impact of the claimant's impairments on the claimant's work activity on a regular and continuing basis, 20 C.F.R. § 404.1545 (a)(4), (b)-(e). See also SSR 96-8p; Lewis, 858 F.3d at 862. However, no analysis of a specific function is required if such function is irrelevant or uncontested. Mascio, 780 F.3d at 636 (holding that remand is not necessary for the lack of a function-by-function analysis of irrelevant or uncontested functions). If there is "no allegation of a physical or mental limitation or restriction of a specific functional capacity, and no information in the case record that there is such a limitation or restriction, the adjudicator must consider the individual to have no limitation or restriction with respect to that functional capacity." SSR 96-8p.

The ALJ's own conclusion in step three does not support the Commissioner's contention that Plaintiff's ability to stay on task was not at issue. The ALJ found at step three that Plaintiff had *moderate* difficulties with regard to concentration, persistence, or pace. (Tr. 24). "Concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." 20 C.F.R. pt. 404, subpt. P, app. 1, § 404 12.00(C)(2). Therefore, the ALJ's own determination at step three reflects that the work functions relating to Plaintiff's moderate difficulties with regard to concentration, persistence, or pace were at issue. Cf. 20 C.F.R. § 404.1520a(d) (limitation of none or mild is generally considered not severe); Brooks v. Berryhill, No. 3:15-CV-00440-RJC, 2017 WL 1196449, at *4 (W.D.N.C. Mar. 29, 2017) (holding that "Mascio dealt with 'moderate' restrictions and did not hold that all restrictions, including mild

restrictions, be explicitly discussed in terms of RFC."). Thus, the Court cannot conclude that this issue was irrelevant or uncontested.

Next, the Court considers whether the ALJ provided the necessary rationale and explanation for her determination of Plaintiff's RFC. When the ALJ finds in step three moderate difficulties in concentration, persistence, or pace, "the RFC must reflect the claimant's work functions as to this limitation unless the ALJ explains why a limitation in concentration, persistence, or pace at step three does not translate into a limitation on the claimant's capacity to do work-related activities." Watts v. Berryhill, No. 3:16-cv-850-FDW, 2017 WL 6001639, at *4 (W.D.N.C. Dec. 4, 2017) (citing Mascio, 780 F.3d at 638; SSR 96-8p). The Fourth Circuit has held that an ALJ does not account for a claimant's difficulties in concentration, persistence, or pace by restricting work functions to "simple, routine tasks or unskilled work" but does account for such difficulties by restricting work functions to "ability to stay on task." Mascio, 780 F.3d at 638 (citations omitted). However, as explained previously by this Court, the Fourth Circuit did not conclude that the only way to account for moderate difficulties in concentration, persistence, or pace is to include in the RFC the language "ability to stay on task." Watts, 2017 WL 6001639, at *4.

Although the ALJ thoroughly discusses and analyzes evidence in the record to support many aspects of her RFC determination, the ALJ has failed to explain why moderate difficulties in concentration, persistence, or pace at step three do not translate into a limitation on the claimant's capacity to do work-related activities. The only limitation related to difficulties in concentration, persistence, or pace included by the ALJ in the RFC is a limitation to "1-3 step instructions." (Tr. 25). The only discussion of limitations from concentration, persistence, or pace is the ALJ's statement that she has given great weight to claimant's lack of allegations of mental

7

limitations and Plaintiff's testimony that her depression improved with medication. (Tr. 30). Although Plaintiff in her Function Report, dated April 15, 2013, indicated that her illnesses, injuries, or conditions did not affect her memory, completion of tasks, concentration, understanding, or following of instructions, Plaintiff in the same Report stated she does not start what she finishes. (Tr. 313). The improvement of depression is also not clear from the citations to the record. (Tr. 30, 1255, 1257, 1268, 1271). Therefore, the ALJ's explanation falls short of providing substantial support for a finding that despite Plaintiff's moderate difficulties in concentration, persistence, or pace, she could stay on task when following "1-3 step instructions[,]" see Sizemore v. Berryhill, 878 F.3d 72, 80-81 (4th Cir. 2017) (holding that opinions from two doctors provided substantial support for omission of limitation despite finding moderate difficulties in concentration, persistence, or pace in step three), and fails to explain the inconsistency between her conclusion in step three and the great weight given to the lack of allegations of mental limitations in the Function Report, Mascio, 780 F.3d at 638 (remanding where inconsistency was not explained). As a result, the Court cannot meaningfully review the ALJ's determination and remands the decision. Mascio, 780 F.3d at 636, 638; Radford v. Colvin, 734 F.3d 288, 296 (4th Cir. 2013). On remand, the ALJ should conduct a function-by-function analysis of Plaintiff's difficulties in concentration, persistence, or pace and adequately explain the evidence that supports the RFC determination.

B. Apparent Conflict

Plaintiff argues that the ALJ's reliance on testimony from the VE that appears to conflict with the RFC necessitates remand. (Doc. No. 12 at 11-17). When the ALJ relies on the testimony of a VE in step five to determine disability, the ALJ has the responsibility to (1) inquire whether there are any conflicts between the VE's testimony and the Dictionary of Occupational Titles

("DOT") and (2) elicit a reasonable explanation for any apparent conflict from the VE. Pearson v. Colvin, 810 F.3d 204, 208-210 (4th Cir. 2005); SSR 00-4p. A conflict is apparent if the "[VE's] testimony seems to, but does not necessarily, conflict with the [DOT]." Pearson, 810 F.3d at 209. "[I]f the ALJ does not elicit [an] explanation [for an apparent conflict], then the [VE's] testimony cannot provide substantial evidence to support the ALJ's decision." Id.; see also Henderson v. Colvin, 643 F. App'x 273, 277 (4th Cir. 2016) ("[W]e held that a VE's testimony that apparently conflicts with the DOT can only provide substantial evidence if the ALJ received an explanation from the VE explaining the conflict and determined both that the explanation was reasonable and that it provided a basis for relying on the VE's testimony rather than the DOT."). Therefore, the Fourth Circuit in Henderson found that "the VE's testimony did not provide substantial evidence that there was work that Henderson could do given his RFC" when "an apparent conflict between an RFC that limits Henderson to one-to-two step instructions and [VE testimony of jobs with] GED Reasoning Code 2, which requires the ability to understand detailed instructions" was not explained by the VE. Henderson, 643 F. App'x at 277. As a result, the Fourth Circuit reversed the district court and directed the case be remanded. Id. at 278.

In this case, the ALJ limited Plaintiff to "1-3 step instructions" in the RFC. (Tr. 25). In response to a hypothetical factoring in Plaintiff's age, education, work experience, and RFC, the VE testified that the following jobs existed in the national economy for such an individual: (1) small parts assembler, DOT No. 706.684-022; (2) electronics assembly worker, DOT No. 726.687-010; and (3) laundry folder, DOT No. 369.687-018. (Tr. 33, 54). All three occupations have a Reasoning Code of 2 listed in the DOT. U.S. Dep't of Labor, Dictionary of Occupational Titles, 369.687-018, 706.684-022, 726.687-010 (4th ed. 1991). (Doc. No. 16-1, 16-3). For Reasoning Code 2, an individual must "[a]pply commonsense understanding to carry out detailed but

9

uninvolved written or oral instructions" and "[d]eal with problems involving a few concrete variables in or from standardized situations." U.S. Dep't of Labor, Dictionary of Occupational Titles, 369.687-018, 706.684-022, 726.687-010 (4th ed. 1991). (Doc. No. 16-1, 16-3). As Reasoning Code 2 requires the ability to understand *detailed* instructions, a conflict seems to exist with the RFC limitation of "1-3 step instructions." Pearson, 810 F.3d at 209; Henderson, F. App'x at 277. Because this apparent conflict was not raised with the VE and explained, the ALJ's decision is not supported by substantial evidence. Pearson, 810 F.3d at 209. Therefore, the Court remands the decision. On remand, the ALJ shall fulfill its responsibilities to address apparent conflicts as set forth in Pearson and SSR 00-4p.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment (Doc. No. 11) is GRANTED in part and DENIED in part; the Commissioner's Motion (Doc. No. 15) is DENIED; and the ALJ's determination is REMANDED to the Commissioner for further proceedings consistent with this ORDER.

IT IS SO ORDERED.

Signed: February 5, 2018

_____
Frank D. Whitney
Chief United States District Judge